UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NOELVYS R.D.,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-08234-MKD

A# 233-410-828

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART AND REQUIRING BOND HEARING

**ECF No. 2**

Petitioner, an immigration detainee at Central Valley Annex proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order requiring his immediate release. ECF Nos. 1, 2. For the reasons discussed below, the Court grants the Petition in part.

Petitioner is a citizen of Cuba who arrived at Fort Lauderdale International Airport on November 18, 2023, and was released into the United States on humanitarian parole. ECF No. 6-1 at 2. He thereafter established a residence in Florida, worked, filed income tax returns, and maintained family and community

ties. ECF No. 1 at 14-16. His application for adjustment of status under the Cuban Adjustment Act remains pending. ECF No. 2 at 14; ECF No. 6-1 at 2.

On September 5, 2026, ICE officers stopped Petitioner's vehicle near his residence in Homestead, Florida, and took him into custody. ECF No. 6-1 at 2. His Form I-213 reports no criminal history. *Id.* at 3. Petitioner acknowledges that his parole was no longer effective when ICE arrested him. ECF No. 1 at 6. On September 24, 2026, an immigration judge denied his request for custody redetermination because "[t]he court lacks jurisdiction - arriving alien." ECF No. 6-3 at 1. The immigration judge did not determine whether Petitioner presented a danger or flight risk. His removal proceedings remain pending. ECF No. 2 at 19-20.

Respondent contends that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and has no constitutional right to procedures beyond those Congress provided. ECF No. 6 at 1-3. The Court assumes without deciding that § 1225(b) governs Petitioner's detention. Even on that assumption, Petitioner may challenge the constitutionality of its application to his circumstances. *See, e.g.*, *Omer G.G. v. Kaiser*, 815 F.Supp.3d 1098, 1108 (E.D. Cal. 2025). The Court therefore addresses whether his continued detention, following nearly three years of release and without an individualized custody determination, comports with due process.

Respondent principally relies on *Padilla v. United States Immigr. & Customs Enf't*, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). The decision recognizes that the entry fiction encompasses certain noncitizens encountered at a port of entry and subsequently paroled into the United States, whose due process rights "regarding admission" are limited to those provided by statute. *Id.* at *13. But the Ninth Circuit also emphasized that "[a]dmission and detention occupy fundamentally different positions in our legal order." *Id.* at *16. Petitioner challenges his continued detention following years of government-authorized release into the community. Resolving that claim does not require the Court to decide whether he is entitled to admission or permission to remain in the United States.

Respondent also relies on *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), and *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc). *Mezei* concerned detention following exclusion on national security grounds, where other countries would not accept the noncitizen. 345 U.S. at 207. *Barrera-Echavarria* rejected a constitutional claim to release "in light of the annual parole reviews provided under the Cuban Review Plan regulations." 44 F.3d at 1448. Those procedures afforded an individualized review, an opportunity to present evidence, and a renewed assessment of whether detention remained warranted. *Id.* at 1450. Here, Respondent has identified no final removal order or

comparable individualized review of Petitioner's current custody. The immigration judge expressly declined to consider the merits of his custody request altogether. ECF No. 6-3 at 1.

Decisions concerning criminal detention "provide useful guidance in determining what process is due non-citizens in immigration detention." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). In the criminal parole context, the Supreme Court recognized that conditional release permits a person to work, associate with family and friends, and form "the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The resulting liberty is constitutionally protected and "[i]ts termination calls for some orderly process, however informal." *Id.* Petitioner's release similarly allowed him to establish a home, work, and pursue adjustment of status. His interest in continued freedom rests on the physical liberty he exercised following that release. The expiration of his parole does not, under these circumstances, eliminate the need for constitutionally adequate procedures governing his continued confinement. *See Omer G.G.*, 815 F.Supp.3d at 1109 ("petitioner's liberty interest did not expire along with his parole").

The required procedures depend on "the private interest that will be affected," "the risk of an erroneous deprivation" and the likely benefit of additional safeguards, and "the Government's interest," including the burdens those

safeguards would impose. *Hernandez*, 872 F.3d at 993 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Those factors favor a hearing here. Petitioner's interest in physical liberty is substantial, particularly after nearly three years of residence in the community. The risk of erroneous deprivation is also substantial because no neutral decisionmaker has assessed whether his continued detention is warranted. Respondent identifies no criminal history, violation of a release condition, or individualized finding of danger or flight risk. A bond hearing would permit consideration of Petitioner's residence, family support, immigration proceedings, and any evidence bearing on the necessity of continued custody. While Respondent has a substantial interest in enforcing the immigration laws and ensuring appearance at removal proceedings, a hearing permits those interests to be assessed while protecting against unnecessary confinement. The additional administrative burden of an individualized custody hearing is modest. *See Omer G.G.*, 815 F.Supp.3d at 1111. On balance, Petitioner's continued detention without such a hearing violates due process as applied to his circumstances.

A prompt bond hearing is thus the appropriate remedy. The procedures upheld in *Rodriguez Diaz v. Garland* included an initial bond hearing on the merits and opportunities for further review. 53 F.4th 1189, 1209-10 (9th Cir. 2022). Here, no neutral decisionmaker has determined whether Petitioner's continued

detention is warranted. Given his prior release and the absence of that review, Respondent must establish by clear and convincing evidence that Petitioner presents a flight risk or danger to the community sufficient to justify continued detention without bond *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Omer G.G.*, 815 F.Supp.3d at 1112; *see also Rodriguez*, 53 F.4th at 1199 (explaining that *Singh* was based on general principles of due process).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED in part**, as set forth below.
2. **Within ten days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge. At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify detention without bond. *Singh*, 638 F.3d at 1203.
3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez*, 872 F.3d at 1000.
4. Respondent **SHALL** provide Petitioner at least 72 hours' written

notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondent **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within ten days, absent an extension requested by Petitioner, Respondent **SHALL** immediately release him.

7. Petitioner's Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED as moot**.

8. The Clerk of Court is directed to serve Central Valley Annex in McFarland, California, with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED October 30, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE